# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**BRYANT RAYNARD PAYNE,**

    **Plaintiff,**

vs.                              CASE NO.  4:22-CV-00317-AW-MAF

**WARDEN HILL,**
**et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee proceeding *pro se*, initiated this civil rights case, pursuant to 42 U.S.C. § 1983. ECF No. 1. This Court screened Plaintiff's original complaint as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and found the complaint insufficient as filed. ECF No. 4. The Court construed Plaintiff's allegations liberally, Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)), and advised Plaintiff his complaint would likely be dismissed if he did not correct the deficiencies by October 9, 2022. ECF No. 4, pp. 1, 13-14. As of the drafting of this Report, Plaintiff has not amended his complaint.

For the reasons stated, it is recommended that the complaint be dismissed; and the case be closed.

Case No.  4:22-CV-00172-MW-MAF

**I.   Standard of Review**

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court may also dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although a *pro se* litigant's allegations are entitled to the benefit of liberal construction, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, supra.

"Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. Conclusory allegations that "amount to nothing more than a formulaic

recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." Id. "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).

## II. Plaintiff's Complaint, ECF No. 1.

Plaintiff initiated this case with a handwritten complaint against two defendants, Warden Hill and the Secretary of the Florida Department of Corrections ("FDOC"). ECF No. 1, pp. 2-3. Plaintiff states he is suing both in their official capacities. Id. Plaintiff is currently housed at Holmes Correctional Institution ("Holmes C.I.") but was housed at Madison Correctional Institution ("Madison C.I.") during the time of the alleged incidents. Id., pp. 2, 5-6. Essentially, Plaintiff is challenging the validity of a disciplinary report initiated for an incident at Madison C.I. and the subsequent punishment imposed.

On April 22, 2022, prison officials conducted a search of Plaintiff's

dorm. Id. Allegedly, they found a JP6 tablet in Plaintiff's dorm area; and he "was charged with possession or use of a cellular telephone or any other type of wireless communication device." Id. Plaintiff was placed in administrative confinement pending his hearing. Id. At the hearing, on April 26, 2022, Plaintiff alleges neither the tablet or any photographs of the tablet were presented as evidence. Id. However, Plaintiff was still found guilty based on the statement of facts written by T.M. Wren. Id. On May 3, 2022, Plaintiff received confirmation from Madison C.I. that they received his grievance appeal. Id. However, Plaintiff states he never received any response. Id.

Around May 9, 2022, Plaintiff was transferred to Holmes C.I. Id. After arriving at Holmes C.I., Plaintiff was sentenced to sixty days in confinement, ordered to pay restitution in the amount of $129.99, and told his visitation was suspended for one year. Id. Plaintiff later appealed his grievance to FDOC. Id. FDOC returned the administrative appeal without action because Madison C.I. responded to the initial grievance on May 19, 2022. Id. Plaintiff maintains that FDOC should have overturned the disciplinary report because Madison C.I. was untimely in their response. Id.

Plaintiff alleges that his due process rights were violated because he was found guilty without proof and evidence. Id. at 6. Plaintiff maintains he

exhausted all administrative remedies; and all the responses he received from FDOC and Madison C.I. were "boilerplate" and insufficient. Id. Plaintiff alleges Madison C.I. and FDOC are guilty of obstruction of justice and violating the Fourteenth Amendment. Id. Plaintiff also alleges that Madison C.I. subjected him to cruel and unusual punishment by locking him in confinement in violation of the Eighth Amendment. Finally, Plaintiff alleges Madison C.I. violated his civil rights by finding him guilty without proof of wrongdoing. Id.

As relief, Plaintiff requests the guilty charge be expunged from his record; the $129.99 lien from his account be removed, return of the JP6 tablet; transfer to the "Incentive Institution at Madison C.I. with a low bunk"; punitive damages in the amount of $85,000; $1,000 for cruel and unusual punishment; and reprisal in the amount of $15,000. Id.

This Complaint is insufficient. *Pro se* litigants are entitled to liberal construction of their pleadings; however, they are required to conform to procedural rules. See Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002); see also McNeil v. United States, 508 U.S. 103, 113 (1993); Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("once a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

## III. Discussion

Plaintiff was given the opportunity to correct his legally insufficient complaint. See generally ECF No. 4. Plaintiff failed to comply with court orders to amend. He failed to disclose his litigation history; and the operative complaint is a shotgun pleading. Each issue is discussed below.

A. Failure to Follow Court Orders

Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails to comply with a court's orders, the plaintiff's claims or actions may be dismissed. Moreover, a district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing And Landscape Servs., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). "A district court need not tolerate defiance of reasonable orders." Id. Therefore, when the undersigned issues reasonable orders, which are ignored, he may recommend the dismissal of a case for failure to comply with those orders. See Freeze v. Sec'y, Dep't of Child. and Fams., 825 F. App'x 606, 610 (11th Cir. 2020) (citing Moon v. Newsome, 863 F.2d 835, 839 (11th Cir. 1989)).

The undersigned gave Plaintiff the opportunity to correct the deficiencies found in his complaint. ECF No. 4. Nevertheless, Plaintiff has

not amended, and Plaintiff's shotgun complaint remains. "Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice." Equity Lifestyle Props, supra, at 1241 (quoting Byrne v. Nezhat, 261 F.3d 1075, 1131 (11th Cir. 2001)). Such defiance to this Court's orders need not be tolerated. Id. Dismissal is appropriate.

B. Shotgun Pleadings are Not Permissible

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(1), and the complaint must "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." LaCroix v. W. Dist. Of Ky., 627 F. App'x 816, 818 (11th Cir. 2015) (citing Fed. R. Civ. P. 10(b)).

Here, the Complaint is largely a narrative of legal conclusions. "A 'shotgun pleading' - one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief'—does not comply with the standards of Rules 8(a) and 10(b)." Id. (citations omitted).

The Eleventh Circuit "has repeatedly condemned shotgun pleadings." Id. (citing PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010)). Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. See Weiland v. Palm Beach Cty. Sheriff's Off., 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321. Next, is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third type of shotgun pleading does not separate "into a different count each cause of action or claim for relief." Id. at 1323.

"Fourth, and finally, there is" the pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. "The unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give

the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

As narrated above, Plaintiff sues the prison warden and the FDOC secretary but attributes no acts or omissions directly to them. At best, Plaintiff's claims against these defendants are legal conclusions. Allegedly, the warden failed to adequately address the issues Plaintiff raised in his grievances; and "the agency" failed to ensure the prison regulations were followed. ECF No. 1, p. 6. The only other person named in Plaintiff's complaint is T.M. Wren, who allegedly drafted the statement of facts supporting the disciplinary hearing. Id., p. 5. Still, Wren is not named as a defendant; and it is not clear that there was any issue with Wren's statement. Id. If disciplinary reports were filed -- whether accurate or false -- Plaintiff is entitled to a hearing on the accusations, which he had.

The Court advised Plaintiff that, in general, prison officials' housing and classification decisions do not give rise to federal constitutional claims encompassed by the protection of liberty and property guaranteed by the Fifth and Fourteenth Amendments. See Board of Regents v. Roth, 408 U.S. 564, 569 (1972); Smith v. Crews, 738 F. App'x 981, 984 (11th Cir. 2018); Meachum v. Fano, 427 U.S. 215, 223-24 (1976); Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Moody v. Daggett, 429 U.S. 78, 88 (1976).

Plaintiff was advised of these deficiencies and warned that, if he failed to properly amend, his complaint would be subject to dismissal. ECF No. 4. This Court granted Plaintiff the opportunity to amend his Complaint, ECF No. 4. Plaintiff has not done so. The legal conclusions and vague facts in the Complaint remain. Plaintiff cannot simply "plead the bare elements of [a] cause of action," he must provide facts, which presents a "plausible claim for relief" to survive a motion to dismiss. See Randall v. Scott, 610 F.3d 701, 708-09 (11th Cir. 2010). Plaintiff fails to plead any facts that substantiate his vague proclamations. Therefore, Plaintiff's Complaint, ECF No. 1, should be dismissed because it would be otherwise futile to amend.

C. Plaintiff Must Disclose His Litigation History

Prisoners are required to accurately disclose their litigation history on the complaint form under the penalty of perjury. Any affirmative misrepresentations constitute an abuse of the judicial process warranting dismissal of the case without prejudice as "malicious" under §§ 1915(E)(2)(B)(i) and 1915(b)(1). See Ealy v. CCA, 2015 U.S. Dist. LEXIS 173850, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete this section of the form. The time spent verifying the cases a plaintiff filed but failed to identify, as well as the claims raised in those cases and the final disposition can be considerable.

Section VIII of the complaint form, titled "PRIOR LITIGATION," requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court. See ECF No. 1, p. 8. Question C of Section VIII asks, "Have you initiated other any other lawsuit, habeas corpus petition, or appeal in state or federal court either challenging your conviction or relating to the conditions of your confinement?" Id., p. 10.  Plaintiff marked "No." Id. Question A of VIII asks, ". . . have you had any case dismissed for a reason listed in Section 1915(g) which counts as a 'strike'?" Id., p. 9. Plaintiff marked "Yes," but did not otherwise provide any meaningful information about any cases. Id. The complaint form advised Plaintiff, that "[f]ailure to disclose *all* prior cases may result in the dismissal of this case." Id., p. 11.

Upon review of PACER, the Court takes judicial notice[1], that as of the date Plaintiff filed his complaint, August 31, 2022, Plaintiff filed Payne v.

---

[1] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of Plaintiff's litigation history in federal courts.

Sec'y, Fla. Dep't of Corr., Case No. 3:11cv185/TJC/MCR (M.D. Fla. Mar. 1, 2011), Payne v. Sgt. Langford, et. al., Case. No. 6:18cv01206/GKS/KRS (M.D. Fla. July 26, 2018), and Payne v. Major Tate, et. al., Case No. 6:2019cv301/GKS/DCI (M.D. Fla. Feb. 14, 2019). Plaintiff did not identify these cases in his Complaint. Plaintiff was given the opportunity to amend his Complaint and correct this deficiency, but he failed to do so. See generally ECF. No. 4. Failure to cure this deficiency on its own is enough to warrant dismissal. See e.g., Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 132-33 (11th Cir. 2012) (dismissal of action without prejudice was warranted where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service).

D. Respondeat Superior & Eleventh Amendment Immunity

Plaintiff was also advised that to the extent he attempts to raise claims against the warden and FDOC under a theory of vicarious liability or respondeat superior, ordinarily a § 1983 action will not support such a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 675-76 (2009). Instead, a government entity may be liable "only where the [government entity] itself causes the constitutional violation at issue." Cook ex. rel. Estate of Tessier v. Sheriff of Monroe Cty., Fla., 402 F.3d 1092, 1116 (11th Cir. 2005) (citations omitted).

Plaintiff must establish that an official policy or custom was the "moving force" behind the alleged constitutional deprivation. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 693-94 (1978). The custom must be such "a longstanding and widespread practice [that it] is deemed authorized by the policymaking officials because they must have known about it but failed to stop it." Craig, 643 F.3d at 1310 (citation omitted). Plaintiff's description of the events that occurred seem to be isolated to him and are not indicative of any official policy or custom.

E. Futility of Claims under Heck v. Humphrey, 512 U.S. 477 (1994)

A prisoner may not bring a claim for damages under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction. The most obvious example of an action barred by Heck is one in which the plaintiff seeks damages directly attributable to conviction or confinement.

"The Court's purpose was to limit the opportunities for collateral attack on [criminal] convictions because such collateral attacks undermine the finality of criminal proceedings and may create conflicting resolutions of issues." Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (internal citations omitted). Thus, unless a plaintiff can demonstrate that the conviction or sentence "has been reversed on direct appeal, expunged by

executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," the complaint must be dismissed. See Heck, 512 U.S. at 487. Heck extends to prisoners challenging prison disciplinary actions. Edwards v. Balisok, 520 U.S. 641, 643-49 (1997).

Plaintiff is challenging the validity of his underlying conviction in his disciplinary report and wants the adverse actions removed from his prison record. He does not allege that his conviction was somehow reversed or declared invalid. Thus, Plaintiff's claims are barred.

The Court previously advised if Plaintiff is arguing his placement in confinement was punitive in nature or violated his rights to due process and equal protection, the proper course is to file a petition for habeas corpus pursuant to 28 U.S.C. § 2254, not under Section 1983, following the exhaustion of his state administrative remedies. See ECF No. 4, pp. 10-11.

F. Transfer to Another Prison

Traditionally, courts are reluctant to interfere with prison administration and discipline unless there is a clear abuse of discretion. See Procunier v. Martinez, 416 U.S. 396, 404-05 (1974). In particular, a court must give deference to prison officials on matters of prison administration and should not meddle in issues such as the contents of a prisoner's file and a prisoner's

housing as previously explained. It is well settled that inmates do not have a constitutional right against being transferred to another institution, have no right to incarceration in a prison of their choice, and are not entitled to any prisoner- or status classification. Smith v. Crews, 738 F. App'x 981, 984 (11th Cir. 2018) citing Meachum v. Fano, 427 U.S. 215, 223-24 (1976); Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Moody v. Daggett, 429 U.S. 78, 88 (1976). Therefore, Plaintiff's request to be transferred to an alternative prison should be denied.

## IV.   Conclusion and Recommendation

It is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** without prejudice because it is an impermissible shotgun pleading and it is otherwise futile to amend. This Complaint should also be dismissed for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. Loc. R. 41.1. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.")

Finally, it is also recommended that the case be **CLOSED** and that the Order adopting this Report and Recommendation direct the Clerk of Court to

note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

IN CHAMBERS at Tallahassee, Florida on October 20, 2022.

> **s/ Martin A. Fitzpatrick**
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).